

**1629 K STREET N.W., SUITE 300**
**WASHINGTON, D.C. 20006**

**HAMILTON LINCOLN**
**LAW INSTITUTE**

Adam E. Schulman
(610) 457-0856
adam.schluman@hlli.org

August 22, 2023

**VIA ECF**

Patricia S. Dodszuweit, Clerk
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:    *Greenberg v. Lehocky, et al.*, No. 22-1733
           Submitted after oral argument April 13, 2023
           (Chagares, Scirica, Ambro, JJ.)

Dear Ms. Dodszuweit:

    Greenberg responds to Lehocky's letter regarding *National Shooting Sports*, which found non-justiciable a firearms trade group's challenge to a newly created tort law. Many factors distinguish *National Shooting Sports* from Greenberg's case:

    *First*, the Foundation offered no specifics of what its members planned to do or say. Slip Op. 8-9. Greenberg offers detailed specifics of both. JA200-01, JA207-08, JA211-12.

    *Second*, unlike the New Jersey law, private citizens initiate Rule 8.4(g) enforcement through a confidential complaint process that triggers investigations. *Compare* Slip Op. 10, *with* Greenberg Br. 50; JA74. Greenberg produces dozens of "concrete examples" (Slip. Op. 10) of public accusations of hostility, harassment, and prejudice for speakers taking controversial legal positions or mentioning epithets. JA216-225. Indeed, Greenberg faced three personal accusations. JA225.

    *Third,* the New Jersey AG issues advisory opinions to "clarify what he will prosecute." Slip Op. 11. Pennsylvania attorneys lack such recourse. JA297.

*Fourth*, the Foundation sued a single disavowing defendant. Here, Greenberg sues not just ODC's chief counsel, but twelve Board members who have the power and duty to independently enforce 8.4(g) and have not endorsed Mr. Farrell's interpretation. Lehocky says only ODC can enforce Rule 8.4(g); the district court determined otherwise and Lehocky has forfeited that argument on appeal. Greenberg Br. 50; JA73-74.

Non-binding litigation positions "matter" but are "hardly dispositive." Slip. Op. 13. Mr. Farrell's submission shows why strategic disavowals cannot determine standing—it came after a year of litigation, after preliminary injunction, after stipulating the defendants had issued no opinions on the application of 8.4(g) to Greenberg's speech, after an aborted appeal, and after ODC submitted non-material revisions to 8.4(g) without Farrell's gloss. The district court correctly viewed Farrell's disclaimer as a matter of mootness. Greenberg Br. 48.

*Finally*, while civil penalties generally "lower the temperature" (Slip Op. 14), risking one's professional license to practice is unlike an association of billion-dollar companies risking a fine.

When the facts are known, a pre-enforcement challenge is proper, for the "chilling effect" of awaiting "case-by-case adjudication" is "intolerable." Greenberg Br. 35. (quoting *Bd. of Airport Commrs v. Jews for Jesus*, 482 U.S. 569, 575-76 (1987)).

    Respectfully submitted,

    */s/ Adam E. Schulman*
    Adam E. Schulman
    *Counsel for Appellee Zachary Greenberg*

cc:    Counsel via ECF system

## Proof of Service

I hereby certify that on August 22, 2023, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Third Circuit using the CM/ECF system, which will provide notification of such filing to all who are ECF-registered filers.

*/s/ Adam E. Schulman*