NO. 22-1733

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

ZACHARY GREENBERG,

*Appellee*

v.

JERRY M. LEHOCKY, in his official capacity as Board Chair of the Disciplinary Board of the Supreme Court of Pennsylvania, *et al.*,

*Appellants*

On Appeal from the United States District Court
for the Eastern District of Pennsylvania, No. 20-cv-03822

**RULE 29(3) MOTION FOR LEAVE TO FILE OF PATRICK G. GOULD AS *AMICUS CURIAE*
SUPPORTING APPELLEE ZACHARY GREENBERG'S PETITION FOR PANEL REHEARING OR REHEARING *En Banc***

PATRICK G. GOULD, Esq.
Professor
Handong International Law School
558 Handongro, Heuhae-eup, Buk-gu
Pohang, Gyeongbuk
Republic of Korea
Tel. 82-54-1713-7
Email: gould@handong.edu

*Amicus Curiae*

LAWRENCE G. PALADIN, JR., Esq
Paladin Law Offices, PC
850 Walnut St. #934
McKeesport, PA    15134-0934
Pa Bar 44799
Tel. 412/244-0826
Email:lpaladin@PaladinLawOffices.com
(Member of Third Circuit Bar)

*Counsel for Amicus Curiae*

# RULE 29(3) MOTION FOR LEAVE TO FILE OF PATRICK G. GOULD AS *AMICUS CURIAE* SUPPORTING APPELLEE ZACHARY GREENBERG'S PETITION FOR PANEL REHEARING OR REHEARING *En Banc*

## *A.* MOVANT'S INTEREST IN MOTION FOR LEAVE TO FILE.

Movant Patrick Gould is a Law Professor at Handong International Law School in Pohang, South Korea, and a Licensed Attorney in the State of Wisconsin in the United States of America. Movant previously worked as a Law Professor at Appalachian School of Law in Grundy, Virginia. While living outside of Chicago, IL, Movant contested the constitutionality of the American Bar Association's (ABA) Professional Responsibility Rule 8.4(g) (hereinafter, 'the Rule') in 2016, shortly after the ABA approved the Rule, by urging the Chicago Bar Association (CBA) and the Illinois State Bar Association (ISBA) to vote against the Rule. The ISBA voted against the Rule, and the Illinois State Supreme Court has not, to date, approved of the Rule. In 2017, Movant assisted the Montana State Legislature in formulating a Resolution contesting the constitutionality of the Rule. To date, the Montana State Supreme Court has not approved of the Rule.

In 2022, Movant filed an amicus brief in the current case, in support of Appellee Zachary Greenberg. Movant is desirous that all Attorneys in the United States of America enjoy full First Amendment protections, in order that the People

of the United States will have competent representation with the full panoply of the English lexicon available to their Attorneys, such that the Attorneys may fully express the wide range of *ethos*, *pathos*, and *logos* in representation of their clients.

### B. REASON WHY AN AMICUS BRIEF IS DESIRABLE AND WHY THE MATTERS ASSERTED ARE RELEVANT TO THE DISPOSITION OF THE CASE.

Article III standing in this case has been analyzed under the rubric of imminent injury, and through the lens of a pre-enforcement as applied standard concerning constitutional free speech and expression under the First Amendment of the Constitution of the United States of America.

Movant contests the use of an as applied standard to establish standing in this case, and argues instead for a facial standard to establish Article III standing.

In the most current decision in this case, standing was denied when considered under an as applied standard. The focus in the as applied analysis of standing was upon the likelihood of Appellee suffering a disciplinary complaint against him under the Rule.

However, a facial standard for consideration of standing is applicable to this action due to 1) the unbridled discretion of the government and 2) the pervasive vagueness of the Rule and the conditions surrounding is development, implementation, and use. The unbridled discretion of the government in

2

implementation and interpretation of the Rule, coupled with the pervasive vagueness surrounding the Rule, operate together to chill Appellee's constitutionally protected speech and expression. The Rule's activation by the Commonwealth, and the immediate and resultant chilling of Appellee's speech and expression, constitutes the constitutional harm. Thus, the activation of the Rule by the Commonwealth is the cognizable and concretized Article III injury in this case.

Recently, Appellee was denied standing in this case under an as applied standard.

However, Movant argues that activation of the Rule in the Commonwealth and its immediate and resultant chilling of speech and expression, requires analysis of standing under a facial standard. The implementation of the Rule is replete with unbridled governmental discretion and pervasive vagueness, which operated together to chill Appellee's First Amendment rights of speech and expression via a prior restraint on speech and expression which occurred at the moment that the Rule was activated by the Commonwealth.

The current amicus is desirable because Movant's argument is clear and cogent, and it provides a constitutionally precise explication through a sufficiently factual analysis, that a different standard for consideration of standing in this case is not only proper, but that it is also constitutionally necessary to correctly resolve the current case.

This amicus is relevant to the disposition of the case because proper application of a facial analysis to establish Article III standing, will allow the current action, which has stalled, to instead continue. While Appellee is a lone litigant, the Rule applies to the Constitutional Rights of every Attorney in the Commonwealth. Thus, while this case is not a class action, it is nevertheless important in establishing constitutional protections for Attorneys throughout the Commonwealth. Additionally, proper use of a facial standard for establishing Article III standing, will allow courts in other jurisdictions to properly understand how to analyze standing in similar cases.

Thus, movant's amicus provides vital facts and information which could materially alter the disposition of this case.